Dear Mr. McCrossen:
On behalf of the Industrial Board of Commissioners of the Orleans Levee District (the "Board"), you have requested an Attorney General's opinion regarding lease payments related to certain property owned by the Board. You indicated the Board leases commercial office space in the Lake Vista Community Center in the lake front area of New Orleans. The building did not suffer significant damage or flooding during the hurricane, however, electricity was unavailable until November 15, 2005. Additionally, you note that at one point, residents and business owners were prohibited from returning to Orleans Parish. For a period of time in September 2005, the residents and business owners were only permitted to visit and to assess damages as opposed to being able to stay and occupy their property.
The Board has been advised by its real estate consultant that, in the private sector, rent is generally being abated for the period of time electricity was unavailable, as it is a practical necessity for use of the space for the purposes intended. You question whether it is permissible, and not a prohibited donation, for the Board to abate rental payments due to the Board for the period from September 1, 2005 to November 15, 2005, due to lack of electricity available to the tenants of commercial office space, as a result of Hurricane Katrina.
As you are aware, Article VII, Section 14 of the Louisiana Constitution of 1974 prohibits the donation of public funds. Article VII, Section 14 provides, in pertinent part, the following: *Page 2 
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . ."
Article VII, Section 14 clearly prohibits the donation of public funds. Thus, the state or any of its political subdivisions may not loan, pledge or donate its funds or anything of value to or for any person when it is under no obligation to do so. See City of Port Allen v. Louisiana Municipal RiskAgency, 439 So.2d 399 (La. 1983); Beaird-Poulan, Inc. v.Department of Highways, 362 F.Supp. 547 (W.D.La. 1973). We have interpreted legal obligation to mean that the expenditure of funds be sanctioned, authorized by law, or in the discharge of a legal duty. Attorney General Opinion Nos. 02-0162 and 00-0014.
The Board may not abate lease payments unless it has a legal obligation to do so, or such abatement would constitute a prohibited donation under Article VII, Section 14. Whether the Board has an obligation to reduce or abate lease payments, under the circumstances described above, is governed by the lease agreements between the Board and its tenants. If the leases allow or require the abatement of lease payments, then the abatement would not be a prohibited donation.
The Board provided our office with a sample lease which contains the following provision:
XXIV.
 If, through no fault, neglect, or design of Lessee the premises are destroyed by fire or other casualty or damaged to such extent as to render them wholly unfit for occupancy, then this lease shall be cancelled. If, however, the premises can be repaired within one hundred and twenty (120) days from date of fire or casualty, then lease shall not be cancelled and Lessor shall notify Lessee within thirty (30) days from date of fire or casualty that lessor will repair the damage, and Lessee shall be entitled only to such reduction or remission of rent as shall be just and proportionate.
While an argument can be made that this provision is applicable to the situation you have described, a determination as to whether or not this provision is applicable is a question of fact, which our office is not in a position to make. It is the opinion of our office that, if this provision, or any other lease provision, gives the lessee the right to a reduction or remission of rent under the circumstances you have described, then the abatement of lease payments would not constitute a prohibited donation under Article VII, Section 14. *Page 3 
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: _________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General